UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PROGRESSIVE NORTHERN INSURANCE COMPANY, | )<br>)<br>) No. 04 C 7465 |
| Plaintiff, | )<br>) |
| v. | ) Honorable Charles R. Norgle<br>) |
| MICK WHITE RENOVATIONS and CATHERINE C. HOLLOWELL, individually, and as Special Administratrix of the Estate of RAYMOND J. PTACH, deceased. | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is Plaintiff's Motion for Summary Judgment brought pursuant to Federal Rule of Civil Procedure 56. For the following reasons, Plaintiff's Motion is granted.

### I. BACKGROUND[1]

**A. Facts**

Plaintiff Progressive Northern Insurance Company ("Progressive") is a corporation engaged in, *inter alia*, the sale of Commercial Vehicle Insurance Policies. Progressive is incorporated under the laws of the state of Wisconsin, and has its principle place of business in Mayfield, Ohio. Defendant Mick White Renovations ("Mick White") is incorporated under the laws of the state of Kansas, and has its principal place of business in Kansas City, Kansas.

---

[1] The court takes the undisputed facts from the parties' Local Rule 56.1 Statements and notes disputed facts within the text.

1

Defendant Katherine C. Hollowell ("Hollowell") is a citizen of the state of Illinois, and is Special Administratrix of the estate of Raymond J. Ptach ("Ptach").

Progressive issued a Commercial Vehicle Insurance Policy (the "Policy"), effective from January 6, 2004 to July 6, 2004, to Mick White. The Policy covered four vehicles, including a 1992 GMC truck (the "GMC"). Mick White used these vehicles in the course of performing renovation work in the Chicago/Rockford area. In addition to the vehicles listed under the Policy, Mick White purchased a Ford F-350 truck (the "Ford") in July 2003. The Ford was not one of the four vehicles specifically listed on the Declarations page of the Policy as an insured auto. Instead, the Ford was insured through the Farmers Insurance Company.

On the morning of February 8, 2004, the Ford failed to start. Pursuant to Jeff Mick's instructions, Shawn Blanks ("Blanks"), an independent contractor hired by Mick White, borrowed the Ford. Later that day, while driving the Ford, Blanks struck a vehicle driven by Ptach. Alleging that Ptach was injured and later died as a result of this collision, Hollowell, as Special Administratrix of the Estate of Raymond Ptach, filed a wrongful death action against Mick White and other defendants in the Circuit Court of Cook County, Illinois (the "Hollowell action").

In July 2004, Mick White tendered defense of the Hollowell action to Progressive. In response, Progressive sent a "Reservation of Rights" letter to Mick White. In this letter, Progressive indicated that there was a question as to whether the vehicle involved in the Ptach incident, and the resulting Hollowell action, was covered under the Policy. Progressive asserts that it has been and is defending Mick White in the Hollowell action pursuant to this Reservation of Rights. Mick White denies that Progressive has been or is defending the Hollowell action.

The court notes that the Farmers Insurance Company has tendered the limits of its coverage to Hollowell.

**B. Procedural History**

On November 18, 2004, Progressive filed the instant Declaratory Judgment action in the Northern District of Illinois, seeking a declaration that it owes no duty to defend or indemnify Mick White in the underlying Hollowell action. Progressive asserts that there is no coverage under the Policy because the Ptach incident was not an "accident" under the terms of the Policy. Progressive argues that the Ptach incident was not an "accident" because the incident did not arise from the use of an "insured auto" under the Policy.

Progressive filed its Second Amended Complaint for Declaratory Judgment on July 18, 2006. On that same date, Progressive filed its Motion for Summary Judgment. Mick White filed a response on August 11, 2006, and Progressive replied on August 25, 2006. The Motion is fully briefed and before the court.

## II. DISCUSSION

**A. Standard of Decision**

Summary judgment is permissible when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The nonmoving party cannot rest on the pleadings alone, but must identify specific facts, see Cornfield v. Consolidated High Sch. Dist. No. 230, 991 F.2d 1316, 1320 (7th Cir. 1993), that raise more than a mere scintilla of evidence to show a genuine triable issue of material fact. See Murphy v. ITT Technical Services, Inc., 176 F.3d 934, 936 (7th Cir. 1999).

In deciding a motion for summary judgment, the court can only consider evidence that would be admissible at trial under the Federal Rules of Evidence. See Bombard v. Fort Wayne Newspapers, Inc., 92 F.3d 560, 562 (7th Cir. 1996). The court views the record and all reasonable inferences drawn therefrom in the light most favorable to the non-moving party. FED. R. CIV. P. 56(c); see also Perdomo v. Browner, 67 F.3d 140, 144 (7th Cir. 1995). "In the light most favorable" simply means that summary judgment is not appropriate if the court must make "a choice of inferences." See United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); see also First Nat'l Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 280 (1968); Wolf v. Buss (America) Inc., 77 F.3d 914, 922 (7th Cir. 1996). The choice between reasonable inferences from facts is a jury function. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

When a party moves for summary judgment, the court must view the record and all inferences in a light most favorable to the non-moving party. Ameritech Benefit Plan Comm. v. Communication Workers of Am., 220 F.3d 814, 821 (7th Cir. 2000). However, the inferences construed in the non-moving party's favor must be drawn from specific facts identified in the record that support that party's position. Waldridge v. Am. Hoechst Corp., 24 F.3d 918, 922-23 (7th Cir. 1994). Under this standard, "[c]onclusory allegations alone cannot defeat a motion for summary judgment." Thomas v. Christ Hospital and Medical Center, 328 F.3d, 890, 892-93 (7th Cir. 2003)(citing Lujan v. Nat'l Wildlife Federation, 497 U.S. 871, 888-89 (1990)).

## B. Choice of Law

Where a district court's jurisdiction is based on diversity, as it is in this case, the court must follow the choice of law rules of the forum state to determine the applicable substantive law. Klaxon Co. v. Stentor Elec. Mfg. Co., Inc., 313 U.S. 487, 496 (1941); Thomas v.

4

Guardsmark, Inc., 381 F.3d 701, 704-05 (7th Cir. 2004). This case involves a Kansas insurance policy and a claim arising out of an accident that occurred in Illinois. Both Progressive and Mick White, however, agree that the respective laws of Illinois and Kansas are substantially similar such that the result would be the same under either state's law. The Seventh Circuit's "false conflict" doctrine indicates that an identity of substantive law between competing jurisdictions renders it unnecessary to deal with the choice of law issue. See Barron v. Ford Motor Co. of Canada, Ltd., 965 F.2d 195, 197 (7th Cir. 1992); Int'l Administrators, Inc. v. Life Ins. Co. of N.A., 753 F.2d 1373, 1376 (7th Cir. 1985). Because the parties cite to both Illinois and Kansas law throughout their briefs without indicating that there are any outcome determinative differences between the jurisdictions, the court will simply apply Illinois law to the issues presented by this Motion.

## C. Duties Arising from, and the Interpretation of, Insurance Policies

Under Illinois law, "an insurer has two duties to an insured when a lawsuit is filed that may trigger the insurer's policy coverage: the duty to defend and the duty to indemnify." Aetna Cas. & Sur. Co. v. Prestige Cas. Co., 553 N.E.2d 39, 41 (Ill. App. Ct. 1990) (citing Zurich Ins. Co. v. Raymark Indus., Inc., 514 N.E.2d 150 (Ill. 1987)). Whereas the duty to defend "is triggered by the allegations in the underlying complaint that bring the claim within or potentially within the policy coverage," the duty to indemnify "arises only after the insured becomes legally obligated to pay damages in the underlying action." Id. Thus, the duty to defend is separate, distinct, and broader than the duty to indemnify. Conway v. Country Cas. Ins. Co., 442 N.E.2d 245, 247 (Ill. 1982). Where an insurer has no duty to defend, no duty to indemnify may arise from the underlying action. Crum and Forester Managers Corp. v. Resolution Trust Corp., 620 N.E.2d 1073, 1081 (Ill. 1993).

5

If the facts alleged in the underlying complaint fall potentially within the policy's coverage, "an insurer is obligated to defend its insured even if the allegations are groundless, false or fraudulent." General Agents Ins. Co. of Am., Inc. v. Midwest Sporting Goods Co., 828 N.E.2d 1092, 1098 (Ill. 2005). Refusal to defend is unjustifiable "unless it is clear from the face of the underlying complaint that the allegations fail to state facts bringing the case within, or potentially within, the policy's coverage." Id. Accordingly, the underlying complaint and the insurance policy must be liberally construed in favor of the insured. Id.

Insurance policies are contracts, and are therefore subject to the ordinary rules governing interpretation of contracts. Nicor, Inc. v. Associated Elec. & Gas Ins. Servs., 860 N.E.2d 280, 285 (Ill. 2006). When interpreting the language of an insurance policy, a court "must ascertain and give effect to the intentions of the parties as expressed by the words of the policy." Country Mut. Ins. Co. v. Livorsi Marine, Inc., 856 N.E.2d 338, 342-43 (Ill. 2006). A policy must be "construed as a whole, giving effect to every provision." Id. at 343. Unless doing so would violate public policy, unambiguous words are given their "plain, ordinary, and popular meaning." Id.; see also Nicor, 860 N.E.2d at 286. A term is ambiguous if it is susceptible to more than one meaning. Nicor, 860 N.E.2d at 286. Where there is ambiguity, the policy will be interpreted strictly against the insurer who drafted the policy and in favor of coverage for the insured. Id.

## D. Progressive's Motion for Summary Judgment

In its Motion for Summary Judgment, Progressive asserts that it does not have a duty to defend or indemnify Mick White in the Hollowell action, because the incident underlying the Hollowell action did not arise from the use of an "insured auto," and was thus not an "accident" as defined by the Policy. The central point of contention between the parties in this case therefore is whether the Ford qualifies as an "insured auto" under the Policy.

6

To qualify as an "insured auto" under the Policy, a vehicle must either be specifically described on the Policy's Declarations page, a "replacement auto," a newly acquired vehicle, or a temporary substitute auto. Mick White concedes that the Ford was not specifically described on the Policy's Declarations page, a "replacement auto," or a newly acquired vehicle, but contends that it was a temporary substitute auto for the GMC. In relevant portion, the Policy defines a temporary substitute auto as

> Any non-owned auto while you or an employee of yours is temporarily driving it as a substitute for any other auto described in this definition because of its withdrawal from normal use for a period of not greater than 30 days without notification to us due to breakdown, repair, servicing, loss, or destruction.

Policy, at 4-5. The Policy further defines a "non-owned auto" as any auto which is

> not owned by or registered to you, your nonresident spouse or a resident of the household in which you reside; not hired, owned by or borrowed from your employees or members of their households; or not hired by you or an employee of yours, and if you are a person, not hired by a resident of the household in which you reside unless it is specifically listed on the policy Declarations.

Id. at 6.

The plain language of the Policy therefore indicates that a temporary substitute auto cannot be "owned by or registered to" the insured. Id. Defendant asserts that ownership of the Ford had been transferred from Mick White Renovations to Jeff Mick before the Hollowell incident occurred. However, the parties do not dispute that the Ford was registered to Mick White Renovations at all times relevant to this litigation. The Ford was therefore not a "non-owned auto" under the Policy, and cannot qualify as an insured temporary substitute auto. See Am. Freedom Ins. Co. v. Uriostegui, 853 N.E.2d 47, 50 (Ill. App. Ct. 2006) ("Placing 'not' before 'or' in this case simply utilizes the disjunctive 'or' as a device to identify two separate

7

scenarios where a vehicle may be determined a 'non-owned automobile.'"); Perkins & Will v. Security Ins. Co., 579 N.E.2d 1122, 1126 (Ill. App. Ct. 1991) (where the disjunctive "or" is used in a policy clause, a court should usually construe each part of that clause as a separate and distinct condition). Because the Hollowell incident did not involve an "insured auto," this incident was not an "accident" as defined by the plain language of the Policy. See Country Mutual Ins. Co., 856 N.E.2d at 342-43. There can therefore be no genuine issue of material fact as to whether Progressive is under any duty to defend or indemnify Mick White in the Hollowell action. See FED. R. CIV. P. 56(c).

### III. CONCLUSION

For the foregoing reasons, Progressive's Motion for Summary Judgment is granted. The court issues the following DECLARATORY JUDGMENT pursuant to 28 U.S.C. § 2201: the Progressive Northern Insurance Company has no obligation to defend or indemnify Mick White Renovations under the Progressive Commercial Vehicle Insurance Policy No. CA 0-17-80-050-1 with respect to the underlying Hollowell action.

IT IS SO ORDERED.

ENTER:

*[signature]*

CHARLES RONALD NORGLE, Judge
United States District Court

Dated: March 16, 2007